# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**PHILLIP JOE MCGREGORY,**                                                    **PLAINTIFF**
**Individually and on behalf of all others**
**similarly situated**

**V.**                                                    **NO. 1:15-CV-00098-DMB-DAS**

**21ST CENTURY INSURANCE &**
**FINANCIAL SERVICES, INC.**                                                    **DEFENDANT**

## ORDER GRANTING STAY

This proposed class action is before the Court on Defendant 21st Century Insurance & Financial Services, Inc.'s motion to stay this matter pending a decision by the United States Supreme Court. Doc. #30. For the reasons below, the motion to stay will be granted in part.

## I
## Procedural History

On May 22, 2015, Plaintiff Phillip Joe McGregory filed a class action complaint against Defendant, alleging that "Defendant conducted (and continues to conduct) wide scale telemarketing campaigns and repeatedly made unsolicited calls to consumers' telephones – whose numbers appear on the National Do Not Call Registry – without consent, … in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 …." Doc. #1 at ¶ 2. Five days later, on May 27, 2015, Plaintiff filed a motion for "hybrid class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3)." Doc. #2 at 7. Specifically, Plaintiff seeks to certify two classes of individuals: (1) a "Robocall Class," defined as all individuals who received a "robocall" "from October 16, 2013 to the date the Class is certified, where Defendant'[s] records fail to indicate prior express written consent from the recipient to make such call;" and (2) a "DNC Class,"

defined as all individuals who received more than one telephone call from Defendant within a twelve-month period to a telephone number registered on the Do Not Call Registry for at least thirty days and where Defendant had no record of consent to place such calls. *Id*. at 1–2.

Defendant answered the complaint on August 17, 2014. *See* Doc. #14. Although Defendant did not respond to the motion to certify within the time allowed, on October 13, 2015, this Court entered an order granting Defendant six days to respond to the motion. Doc. #20.

On October 19, 2015, Plaintiff filed an "Unopposed Motion to Withdraw Motion for Class Certification and to set Deadline to Refile after Completion of Discovery." Doc. #25. In his motion, Plaintiff seeks to withdraw his initial "placeholder" motion to certify, and asks the court to "set a new deadline for Plaintiff to re-file his motion for class certification after the discovery deadline." *Id*. at 2. Notwithstanding Plaintiff's assertion that the motion to withdraw was unopposed, Defendant timely responded in opposition to the motion.[1] Doc. #32. In its opposition, Defendant represents that it "does not object to Plaintiff's request to withdraw his Motion for Class Certification and Stay Briefing Pending the Completion of Discovery; however, [Defendant] does oppose Plaintiff's request that this Court postpone the deadline for Plaintiff to re-file his motion …." *Id*. at 1.

On October 30, 2015, Defendant filed a motion to stay this action pending a decision in the matter of *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015). Doc. #30. In its motion, Defendant represents:

---

[1] Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a … written motion … an attorney … certifies that to the best of the person's knowledge … the factual contentions have evidentiary support." When it appears that this rule has been violated, the Court, "[o]n its own … may order an attorney … to show cause why conduct … has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). In light of Plaintiff's assertion of Defendant's complete lack of opposition, the Court will direct counsel for Plaintiff to show cause, in the form of a notarized affidavit, why the filing of the motion to withdraw with the representation that it was unopposed did not violate Rule 11(b).

> The issue in *Spokeo* is whether a plaintiff who has not suffered any injury-in-fact has standing to assert a claim seeking only statutory damages. Here, as in *Spokeo*, Plaintiff has not suffered any damages as a result of allegedly receiving one or more telephone calls. If the Supreme Court rules in favor of the Defendant in *Spokeo*, that ruling would require that this case be dismissed.

*Id*. at 1. Plaintiff responded in opposition to the motion to stay, and Defendant replied within the time allowed. Doc. #36; Doc. #38.

## II
## Motion to Stay Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254–55. A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*. at 257.

### A. Relevant Inquiry

In their briefs, the parties offer competing standards for evaluating the motion to stay. Defendant urges the court to consider: "(1) potential prejudice to the plaintiff; (2) hardship and inequity to the defendant if the action is not stayed; (3) the judicial resources that would be saved by staying the case; and (4) whether issuing a stay would be in the public interest." Doc. #31 at 2 (citing *Boise v. ACE USA, Inc.*, No. 15-civ-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015)). In contrast, Plaintiff asks the Court to consider the following four factors: "(1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public

interest lies." Doc. #33 at 4–5 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Both cases Plaintiff cites in support of its four-part test relate to whether a district court should "stay *an order* pending appeal." *Braunskill*, 481 U.S. at 776 (emphasis added); *see also Winter*, 555 U.S. at 20 (challenging district court's grant of preliminary injunction). In this regard, courts in the Fifth Circuit have applied the *Braunskill* factors when determining whether a case should be stayed pending an appeal from an order in the same case. *See, e.g., Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) (stay pending appeal of denial of motion to compel arbitration); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (stay pending appeal of permanent injunction). Plaintiff has not cited, and this Court has been unable to find, a Fifth Circuit case applying the *Braunskill* factors when, as here, a party has sought a stay pending an appeal in a *separate* case.[2]

When considering whether to stay a matter pending resolution of a separate action, the Fifth Circuit has considered: (1) the potential prejudice to the moving party if a stay is denied; (2) the potential prejudice to the non-moving party if a stay is granted; and (3) other "difficulties inherent in the general situation, including potential judicial inefficiency …." *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545–46 (5th Cir. 1983). If these factors justify a stay, the "court must carefully consider the time reasonably expected for resolution of the other case." *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *3 (E.D. La. Feb. 21, 2014) (quoting *Wedgeworth*, 706 F.2d at 545). Courts that have considered motions to stay pending a *Spokeo* decision have considered the same three factors as *Wedgeworth*, but have considered the length of the stay as

---

[2] The Court notes, however, that in *Boise v. ACE USA, Inc.*, the case cited by Defendant in support of its test, a district court in Florida applied the four-factor *Braunskill* test to determine whether "to stay proceedings pending two cases in front of the United States Supreme Court." 2015 WL 4077433, at *1–2. For the reasons below, the Court finds this approach inappropriate.

4

an element of the prejudice to the non-moving party factor. *See Larson v. Trans Union, LLC*, No. 12-cv-05726, 2015 WL 3945052, at *7–8 (N.D. Cal. June 26, 2015) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)); *see also Larroque v. First Advantage Lns Screening Sols., Inc.*, No. 15-cv-04684, 2016 WL 39787, at *1–2 (N.D. Cal. Jan. 4, 2016); *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15-c-5182, 2016 WL 47916, at *1, 5 (N.D. Ill. Jan. 5, 2016). Based on this authority, the Court concludes that the *Wedgeworth* inquiry provides the most appropriate framework for evaluating a motion to stay pending resolution of a potentially dispositive appeal in another matter.

### B. Consideration of Relevant Factors

Applying *Wedgeworth*, the Court will evaluate Defendant's motion to stay based on (1) the potential prejudice to Defendant if a stay is denied; (2) the potential prejudice to Plaintiff if a stay is granted; and (3) whether a stay will advance or hinder judicial efficiency or will create or solve other difficulties. However, because Plaintiff's argument regarding prejudice relates to the length of the proposed stay, this Court, like the *Larroque*, *Larson*, and *Asset Recovery* courts, will consider the *Wedgeworth* reasonableness inquiry under the second factor.

#### 1. Potential Prejudice to Moving Party

In its motion, Defendant argues that if a stay is denied, it will "face[] considerable expense, devotion of the time and resources of its employees to conduct extensive discovery, and the expense of engaging in litigation regarding a putative nation-wide class action." Doc. #31 at 6. Consistent with Defendant's argument, courts have recognized potential prejudice to a proposed class-action defendant in being "required to defend [against] a large putative class action – engaging in expansive discovery and possibly class certification briefing – that may be rendered moot and unnecessary within the next six months by the *Spokeo* decision." *Larroque*,

2016 WL 39787, at *2; *see also Asset Recovery Sols.*, 2016 WL 47916, at *5 (noting stay based on *Spokeo* would reduce "the burden of litigation … on the parties"); *Davis v. Nationstar Mortg.*, No. 15-cv-4944, 2016 WL 29071, at *3 (E.D. Pa. Jan. 4, 2016) ("Defendants … could be prejudiced if forced to expend substantial resources in litigation only for *Spokeo* to rule that this Court lacks jurisdiction to resolve this case."). Accordingly, the first factor weighs in favor of a stay.

### 2. Potential Prejudice to Non-Moving Party

Plaintiff argues that, if the stay is granted, he "will be prejudiced by a significant delay with unknown limits. Memories fade, records get lost or destroyed as time wears on, and employees get fired, transferred, or quit." Doc. #36 at 5. Defendant replies that "[t]his general argument – which, without more, applies with equal force to every lawsuit – cannot constitute sufficient prejudice to warrant denial of a motion to stay. If it did, then no motion to stay would ever be granted." Doc. #38 at 5.

Contrary to Plaintiff's contention, the length of the proposed stay is neither unknown nor likely to be significant. It is the custom of the Supreme Court to issue all decisions in argued cases before the start of its summer recess in June.[3] *Duchene v. Westlake Servs., LLC*, No. 2:13-cv-1577, 2015 WL 5947669, at *2 (W.D. Pa. Oct. 13, 2015); *see also Salvatore v. Microbilt Corp.*, No. 4:14-cv-1848, 2015 WL 5008856, at *2 (M.D. Pa. Aug. 20, 2015). Oral arguments in *Spokeo* occurred on November 2, 2015. *Davis*, 2016 WL 29071, at *3 (taking judicial notice of date of *Spokeo* oral arguments). Given the Supreme Court's customary practice and the timing of the *Spokeo* oral arguments, courts have opined that "[a]t the very latest, the Court will issue its opinion[] by the end of June[] 2016." *Duchene*, 2015 WL 5947669, at *2; *see also Salvatore*,

---

[3] A court may take judicial notice of a "long-used practiced in the courts." *See Craven v. Assoc. Transp. Inc.*, 40 F.R.D. 8, 10 (D.S.C. 1966).

2015 WL 5008856, at *2 ("[A] stay pending resolution of *Spokeo* is by definition not indefinite, since … a decision is expected by the end of June 2016, in accordance with the Supreme Court's customary practice.").

The Court agrees that it is virtually certain that the *Spokeo* decision will be issued by the end of June 2016 and that, therefore, the expected stay will not exceed six months. Nevertheless, it is possible, although unlikely, that the Supreme Court could fail to issue an opinion in *Spokeo* before the June recess. To guard against this possibility, a court may limit a stay based on an impending Supreme Court decision to no later than the beginning of the Supreme Court's next recess. *See Fullington v. Pfizer, Inc.*, No. 4:10-cv-236, 2011 WL 692055, at *1 (E.D. Ark. Feb. 18, 2011) (staying action pending United States Supreme Court decisions but providing "that the stay will expire on the date that the Supreme Court recesses from its current term if it recesses without having decided those cases"). This Court deems such a limitation to be prudent in this case.

Thus, if limited to the pre-June recess period, the length of the proposed delay will be no more than five and a half months. This period is both reasonable and unlikely to lead to the type of prejudice asserted by Plaintiff here.[4] *See Kamal v. J. Crew Grp., Inc.*, Civ. No. 15-0190, 2015 WL 9480017, at *2 (D.N.J. Dec. 29, 2015) ("This Court believes it is implausible a stay of six months or so will cause this or any other significant harm to Plaintiffs. Plaintiff has not demonstrated that any prejudice will result from a brief stay while the Supreme Court considers a central threshold issue[] in this case."); *see also Maples*, 2014 WL 688965, at *3 (six-month

---

[4] This relatively short and definite delay is readily distinguishable from the delays at issue in cases cited by Plaintiff in which courts found stays to be unreasonable. *See* Doc. #37 at 5–6 & nn.19–20 (citing *CTI Container Leasing Corp v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (denying stay after finding "[w]e have no way to estimate the months or even years that may pass"), and *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976) (stay immoderate when it was "indefinite in duration, but in all probability [would] remain in effect at least eighteen months, and might last for as long as five years")).

7

delay reasonable under *Wedgeworth*). Thus, when limited to the pre-June recess period, the second factor weighs in favor of a stay.

### 3. Judicial Efficiency and Other Difficulties

As to judicial efficiency, there is no dispute that the *Spokeo* decision has the potential to dispose of this matter on jurisdictional grounds. Although, as Plaintiff points out, the grant of certiorari does not signal that the Supreme Court's decision will dispose of this matter, the Court concludes that judicial economy favors a stay where, as here, the proposed stay: (1) is relatively short; (2) is requested at an early stage in litigation, prior to the entry of a case management order; (3) may obviate the need for complex litigation; and (4) may prevent the Court from incorrectly entertaining jurisdiction over an action. *See Kamal*, 2015 WL 9480017, at *2 ("It would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint and continue in the early stages of litigation at the same time the Supreme Court could ultimately rule that Plaintiff in this case lacks standing."); *Larroque*, 2016 WL 39787, at *2 ("Judicial resources also may be unnecessarily expended reviewing the adequacy of the pleadings, resolving discovery disputes, and considering class certification in a case that the Court may not have subject matter jurisdiction to entertain."). No other difficulties appear to be created or solved by a grant of a stay. Accordingly, the third factor weighs in favor of granting Defendant's motion.

### 4. Balancing and Summary

Upon consideration, the Court concludes that the relevant factors justify following the lead of the numerous district courts which have granted stays under similar circumstances.[5] *See*

---

[5] In reaching this conclusion, the Court acknowledges the district court authority cited by Plaintiff in which various courts declined to grant stays pending Supreme Court decisions in *Spokeo* or *Campbell-Ewald Company v. Gomez*, 768 F.3d 871, (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (2015), another jurisdictional case. *See* Doc. #37 at 2–4 (citing *Speer v. Whole Food Mkt. Grp.*, 8:14-cv-03035, 2015 WL 2061665 (M.D. Fla. Apr. 29, 2015); *Cruz v.*

*Kamal*, 2015 WL 9480017, at *2 n.1 (collecting cases); *Larroque*, 2016 WL 39787, at *2 (collecting cases); *Asset Recovery Sols.*, 2016 WL 47916, at *3 n.3 (collecting cases). Furthermore, the Court concludes that the proposed stay is reasonable. Accordingly, the motion to stay will be granted.

## III
## Conclusion

For the reasons above, Defendant's motion to stay [30] is **GRANTED in Part and DENIED in Part**. This matter is **STAYED** until either: (1) the United States Supreme Court issues a decision in *Robins v. Spokeo*; or (2) the United States Supreme Court recesses for the 2015–2016 term without issuance of an opinion in *Spokeo*. Counsel for Defendant is **DIRECTED** to notify the Court within seven (7) days of either event.

Finally, the Court **DIRECTS** counsel for Plaintiff, no later than 5:00 p.m. on February 12, 2016, to show cause, in the form of a notarized affidavit, why the filing of the motion to withdraw did not violate Rule 11(b).

**SO ORDERED**, this 2nd day of February, 2016.

<u>/s/ Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**

---

*Wash Masters Mgmt., LLC*, No. 3:14-cv-04569 (N.D. Tex. May 29, 2015) (Doc. # 26 at 12–16); *Sarmiento-Perez v. Las Colinas Intern., Inc.*, No. 3:14-cv-1898, 2015 WL 3539571 (N.D. Tex. June 5, 2015); and *Suttles v. Specialty Graphics, Inc.*, No. 1:14-cv-0050 (W.D. Tex. June 17, 2015) (Doc. #57)). However, the authority is unpersuasive insofar as the cited decisions did not consider the relevant factors and, more importantly, addressed proposed stays which, given the date of decisions (April, May, and June, 2015), could have extended a year or more.

Likewise, the Court finds unavailing Plaintiff's citation to *Hooks v. Landmark Industries, Inc.*, in which the Fifth Circuit recognized "the Supreme Court recently granted certiorari to resolve the issue presented in this case" but noted that "[t]he parties have not requested a stay pending the outcome of that case, and due to uncertainty of timing and nature of resolution, we ordinarily do not wait in such situations." 797 F.3d 309, 314 n.6 (5th Cir. 2015) (citing *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008); and *United States v. Escalante-Reyes*, 689 F.3d 415, 431 n.8 (5th Cir. 2012) (en banc) (Smith, J., dissenting)). The potential stays in *Hooks* and the cases it cites were significantly longer (ten months or more) than the stay at issue here. Furthermore, the cases dealt with potential stays on appeal which, given the necessary expenditure of judicial resources to reach the Fifth Circuit, necessarily involved different considerations of judicial economy.